IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT DEWAYNE BARNES**                                            **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 1:13-cv-529-KS-MTP**

**ROBERT C. DEWS, RONALD WOODALL,**
**and GLORIA PERRY**                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion to Dismiss [11] filed by Defendant Dr. Robert C. Dews. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Motion [11] should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2013, Plaintiff Robert Barnes, proceedings *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's Complaint occurred while he was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI"). Plaintiff is currently incarcerated at SMCI after having been convicted of three counts of armed robbery in Jackson County, Mississippi. Through his Complaint and Response [14] to the Motion to Dismiss, Plaintiff asserts claims against Defendants Dr. Robert Dews, Dr. Ronald Woodall, and Gloria Perry for the denial and/or delay of adequate medical treatment for his broken finger.[1]

According to Plaintiff, on September 10, 2012, he broke his right ring finger while playing basketball. The medical staff at SMCI provided Plaintiff a wrap, splint, and pain

---

[1] In discussing the facts of this matter, the undersigned takes Plaintiff's factual allegations as true and views the facts in the light most favorable to him.

reliever.  Two days later, Dr. Woodall took a radiograph of the finger that revealed a break.  SMCI staff made an appointment for Plaintiff to see a specialist at Southern Bone and Joint.  Despite Plaintiff's requests, no further medical treatment was provided to Plaintiff until his appointment with the specialist, Dr. Robert Dews.  On October 1, 2012, Plaintiff saw Dr. Dews.  Dr. Dews took a radiograph of the finger and informed Plaintiff that the finger was broken.  Dr. Dews asked Plaintiff to move the finger and, thereafter, recommended tapping his fingers.  Dr. Dews instructed Plaintiff to keep tape on his fingers, continue to move them, and return in three weeks.

Allegedly, MDOC staff did not follow Dr. Dews orders.  The staff did not place Plaintiff on the wound care list and did not change his wrap.  Additionally, the staff did not take Plaintiff back to see Dr. Dews three week later, but waited six weeks to take Plaintiff to see Dr. Dews.  At the second appointment on November 6, 2012, Dr. Dews took another radiograph and informed Plaintiff that the broken bone had healed.  Dr. Dews recommended range of motion treatment and instructed Plaintiff to return if necessary.  Plaintiff requested another appointment with Dr. Dews, but SMCI staff did not take him to see Dr. Dews for a third time.

Defendant Dr. Dews filed a Motion to Dismiss [11], arguing that Plaintiff failed to "state a cause of action sufficient to law or in fact . . . ."

**STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted.  In evaluating a motion to dismiss under Rule 12(b)(6), "[t]he complaint must be liberally construed in favor of the Plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.

1997).  In order to survive a motion to dismiss, however, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (holding that "dismissal for failure to state a claim upon which relief may be granted *does not require* appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief," abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.  The factual allegations must be clear enough to raise a right to relief above the speculation level. *Prince v. Curry*, 423 Fed. App'x. 447, 449 (5th Cir. 2011).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983.  Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'right, privileges, or immunities secured by the Constitution and laws' of the United States." *Id*. (quoting 42 U.S.C. § 1983).  Accordingly, Plaintiff must state a claim as to the following two elements: (1) deprivation of a right secured by the Constitution or laws of the United States and (2) the

deprivation was caused by a person acting under color of state law.

Regarding the state-actor element, Plaintiff is required to allege facts showing that Dr. Dews was acting under the color of state law.  The Complaint demonstrates that Dr. Dews is a private physician.  The Supreme Court, however, has explicitly held that Section 1983 liability also applies to physicians who are not formally employed by a state if they provide medical care to prisoners as government contractors. *West v. Atkins*, 487 U.S. 42, 49-57 (1988).  In his Complaint, Plaintiff fails to allege a contractual relationship between Dr. Dews and the state, but such a failure may be excused at this stage of the case.

Plaintiff "has not yet had the benefit of discovery and is bound by Rule 11 to allege only those facts for which he has or will likely have evidentiary support." *Loosier v. Unknown Medical Doctor*, 435 Fed. App'x. 302, 307 (5th Cir. 2010).  Whether Dr. Dews has a contractual relationship with the state is a fact "particularly within" the knowledge of the Defendant. *See Id*. Accordingly, Plaintiff's failure to allege facts showing that Dr. Dews was acting under color of state law does not require dismissal at this time, and the Court will assume, for purposes of addressing the current motion, that Plaintiff could prove that this defendant was acting under color of state law.

Regarding the deprivation of a constitutionally protected right, "[p]rison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  The

test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prison official may not be held liable under this standard pursuant to Section 1983 unless the inmate alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff must show that the defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." *Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001). Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

According to Plaintiff's allegations, Dr. Dews examined him after he broke his finger,

took a radiograph of the break, and observed him moving the finger.  Dr. Dews instructed Plaintiff to keep tape on the finger, continue to move his finger, and return in three weeks for another examination.  Plaintiff did not return to visit Dr. Dews until six weeks later.  At the second examination, Dr. Dews took additional radiographs and recommended range of motion therapy.  Dr. Dews also instructed Plaintiff to return if necessary.  Plaintiff has not returned to see Dr. Dews.  Plaintiff asserts that his finger should be rebroken and realigned.

The facts, as alleged, fail to show that Dr. Dews was deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff's allegations do not allow this Court to draw the reasonable inference that Dr. Dews refused to treat Plaintiff, ignored his complaints, intentionally treated him incorrectly, or otherwise wantonly disregarded his serious medical needs.   Rather, the facts demonstrate that Dr. Dews was responsive to Plaintiff's medical needs.  Dr. Dews examined and treated Plaintiff on multiple occasions.  Plaintiff's disagreement with the course of treatment does not rise to the level of a constitutional violation. *Norton*, 122 F.3d at 292.  Even if Dr. Dews's actions were negligent, Plaintiff's allegations fail to evince that such actions resulted from deliberate indifference.  Therefore, Plaintiff's claims fail to raise his right to relief above a speculative level.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends:

1. Defendant Dr. Robert Dews's Motion to Dismiss [11] be GRANTED and

2. this action be dismissed with prejudice as to Defendant Dr. Robert Dews.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 31th day of January, 2014.

s/ Michael T. Parker
United States Magistrate Judge