IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN  DIVISION

ROBERT DEWAYNE BARNES

VS.                                          CIVIL ACTION NO.  1:13cv529-KS-MTP

ROBERT C. DEWS, M.D., ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE AS TO ROBERT C. DEWS, M.D. WITH PREJUDICE, ETC.

This cause is before the Court on Motion to Dismiss [11] filed by defendant Robert C.

Dews, M.D.  Also, a Report and Recommendation filed by Magistrate Judge Michael T. Parker

[20], which has been objected to by Robert Dewayne Barnes [21].  The Court has considered the

above documents, together with the record herein, and finds as follows:

1.  PROCEDURAL HISTORY

On May 16, 2013, Plaintiff Robert Barnes, proceedings *pro se* and *in forma pauperis*,

filed his Complaint [1] pursuant to 42 U.S.C. § 1983.  The allegations in Plaintiff's Complaint

occurred while he was a post-conviction inmate at South Mississippi Correctional Institution

("SMCI").  Plaintiff is currently incarcerated at SMCI after having been convicted of three

counts of armed robbery in Jackson County, Mississippi.  Through his Complaint and Response

[14] to the Motion to Dismiss, Plaintiff asserts claims against Defendants Dr. Robert Dews, Dr.

Ronald Woodall, and Gloria Perry for the denial and/or delay of adequate medical treatment for

his broken finger.[1]

---

[1] In discussing the facts of this matter, the undersigned takes Plaintiff's factual
allegations as true and views the facts in the light most favorable to him.

According to Plaintiff, on September 10, 2012, he broke his right ring finger while playing basketball.  The medical staff at SMCI provided Plaintiff a wrap, splint, and pain reliever.  Two days later, Dr. Woodall took a radiograph of the finger that revealed a break.  SMCI staff made an appointment for Plaintiff to see a specialist at Southern Bone and Joint.  Despite Plaintiff's requests, no further medical treatment was provided to Plaintiff until his appointment with the specialist, Dr. Robert Dews.  On October 1, 2012, Plaintiff saw Dr. Dews.  Dr. Dews took a radiograph of the finger and informed Plaintiff that the finger was broken.  Dr. Dews asked Plaintiff to move the finger and, thereafter, recommended tapping his fingers.  Dr. Dews instructed Plaintiff to keep tape on his fingers, continue to move them, and return in three weeks.

Allegedly, MDOC staff did not follow Dr. Dews orders.  The staff did not place Plaintiff on the wound care list and did not change his wrap.  Additionally, the staff did not take Plaintiff back to see Dr. Dews three week later, but waited six weeks to take Plaintiff to see Dr. Dews.  At the second appointment on November 6, 2012, Dr. Dews took another radiograph and informed Plaintiff that the broken bone had healed.  Dr. Dews recommended range of motion treatment and instructed Plaintiff to return if necessary.  Plaintiff requested another appointment with Dr. Dews, but SMCI staff did not take him to see Dr. Dews for a third time.

Defendant Dr. Dews filed a Motion to Dismiss [11], arguing that Plaintiff failed to "state a cause of action sufficient to law or in fact . . . ."

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v.*

*Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III

Judge as to those issues to which an objection is made.") Such review means that this Court will

examine the entire record and will make an independent assessment of the law. The Court is not

required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v.*

*Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous,

conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421

(5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments

contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his brief Objection the Petitioner Robert Dewayne Barnes attributes most of his

problems to the state and to the doctors contracted by the state.  In fact, he states in his Objection

at paragraph 11,  "The state and its staff are mostly to blame and are major factors in this case,

which is the point I asked not to dismiss the state and its staff from the case". [21] at page 2

The Objection filed by petitioner fails to address the clearly written Report and

Recommendation indicating that Dr. Dews was a specialist that was consulted one time and that

he prescribed treatment, saw the petitioner for follow-up, and that the broken finger apparently

mended.  Dr. Dews took x-rays and prescribed treatment medications and range of motion

exercises for the petitioner.  Negligent conduct by Dr. Dews does not rise to the level of a 1983

violation, even if Dr. Dews was negligent, and there is no basis submitted for same, this is not a

basis for a 1983 action.  Petitioner disagrees with the treatment, but this is not a Constitutional

violation and, if anything, is at most negligence.   Therefore, the Court finds that the Motion to

Dismiss [11] should be granted, and the action dismissed with prejudice as to the defendant, Dr.

Robert Dews.

IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Barnes' objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Robert Dewayne Barnes' claim against Dr. Robert D. Dews,  is **dismissed with prejudice**.  The case will continue as to the remaining defendants.

SO ORDERED this, the 21st  day of February, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE